**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-50300
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ANA MARIA PARADA, also known as Ana Maria Prada,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(EP-00-CR-1572-ALL-H)**

_____

November 13, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ana Maria Parada appeals her conviction for possession with intent to distribute marijuana and importation of marijuana. The marijuana was found in her automobile at a port of entry. Parada maintains the rebuttal testimony of Customs Officer Scott — that, at the port of entry a week before her arrest, he saw her driving the same automobile in which she was arrested — violated: FED R. EVID. 608(b) because it amounted to extrinsic evidence of a specific instance of conduct for impeachment purposes; and FED. R. EVID.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

404(b) because it amounted to evidence of a prior attempt to smuggle marijuana to prove her character in order to show action in conformity therewith. "We review evidentiary rulings for abuse of discretion." *United States v. Baptiste*, 264 F.3d 578, 590 (5th Cir. 1997); *see* FED. R. EVID. 103.

Officer Scott's rebuttal testimony (direct examination) that he saw Parada driving the vehicle a week before her arrest was not admitted to prove Parada's character in order to show action in conformity with it. Rather, it was presented to impeach Parada's testimony that another person had given her the vehicle the day of her arrest, and the district court so limited the use of the testimony. Moreover, Officer Scott's statement that he did not conduct a sufficiently thorough inspection of the vehicle the first time he saw Parada in it did not constitute evidence that Parada had smuggled marijuana previously. Rule 404(b) was inapplicable to Officer Scott's testimony.

"Relevant extrinsic evidence is admissible to contradict and possibly disprove a witness's testimony about a material issue of the case." *United States v. Lopez*, 979 F.2d 1024, 1034 (5th Cir. 1992), *cert. denied*, *Ozuna Ramirez v. United States*, 508 U.S. 913 (1993). Contradiction evidence is not governed by Rule 608(b); rather, it is governed by the general standards of Rule 403. *Lopez*, 979 F.2d at 1033-34. Relevant evidence "may be excluded if its probative value is substantially outweighed" by, *inter alia*,

2

the "danger of unfair prejudice". FED. R. EVID. 403.

Officer Scott's testimony on direct examination contradicted Parada's testimony concerning material issues: knowledge and intent. Officer Scott did not indicate explicitly that he believed Parada was committing a criminal offense when she drove across the border a week before her arrest; his statement that he did not adequately inspect the vehicle was not sufficiently prejudicial as to substantially outweigh the relevance of his testimony.

To the extent that Parada's contentions are based on the subsequent answers Officer Scott gave on cross-examination, Parada invited any error. "[W]hen injection of inadmissible evidence is attributable to the actions of the defense, the defense cannot later object to such 'invited error'". *See* **United States v. Raymer**, 876 F.2d 383, 388 (5th Cir.), *cert. denied*, 493 U.S. 870 (1989) (citation omitted).

**AFFIRMED**

3